[No. 25071. Department One. August 27, 1934.]

GEORGE E. LARGE, *Appellant*, v. A. C. MARTIN, *as Commissioner of Public Lands, et al., Respondents.*[1]

*Poe, Falknor, Falknor & Emory* and *H. S. Walker,* for appellant.

*The Attorney General* and *George Downer, Assistant,* for respondents Martin *et al.*

*J. W. Graham,* for respondents Shively *et al.*

[1]Reported in 35 P. (2d) 68.

MITCHELL, J.—This cause was heard in the superior court on the amended complaint of George E. Large. A. C. Martin, as commissioner of public lands, appearing separately, filed a demurrer to the amended complaint; A. C. Martin, Otto Case and E. N. Hutchinson, as members of the board of state land commissioners, appearing, filed a demurrer to the amended complaint; and A. J. Chitty, as receiver, and Edna R. Shively appearing, filed a demurrer to the amended complaint. The demurrers were sustained. The plaintiff elected to stand upon his amended complaint, and a judgment was entered dismissing the action. He has appealed.

The allegations of the amended complaint are about as follows:

(1) Characters of the defendants, whether private or official, are pleaded.

(2) On August 27, 1929, Thomas S. Bassen and wife and Cora M. Graham, a widow, as vendors, and C. H. Shively and Edna R. Shively, his wife, as vendees, entered into an executory contract for the sale of lot 1, section 1, township 22 north, range 4 west W. M., lying in Mason county, Washington. The contract obligated the vendees to improve the property by the construction of buildings of the value of not less than four thousand dollars, and gave the vendors an option to mortgage the property, in which mortgage the vendees were to join.

(3) On October 14, 1929, T. S. Bassen and wife, Cora M. Graham, C. H. Shively and Edna R. Shively, his wife, made, executed and delivered to the plaintiff their promissory note in the sum of four thousand two hundred dollars, bearing interest at 8% per annum.

(4) The note referred to in the preceding paragraph was secured by a mortgage executed contemporaneously therewith covering the real property above referred to, the mortgage being executed by the Bas-

sens, Cora M. Graham and the Shivelys. The mortgage obligated the mortgagors to keep the improvements upon the premises insured.

(5) The mortgagors, at the time the loan was made to them, and for the purpose of inducing the plaintiff to make the loan, represented to him that a certain dance hall then under construction and subsequently known as the "Blue Ox" was being erected upon the property so mortgaged and not upon the tidelands in front thereof; that the structure was the identical structure which the executory contract of sale above referred to obligated the vendees therein named to erect upon the property covered by the contract of sale; that the structure would be covered by a policy of fire insurance in the sum of two thousand dollars, which would be payable to the plaintiff as mortgagee; that arrangements had been made by the defendants for the payment of all materialmen's and mechanics' liens upon the structure then partially completed, so that the plaintiff's security by virtue of the mortgage lien would be a first and paramount lien upon the structure and the lands upon which the same was situate after its completion; that the mortgage would be a first and paramount lien upon lot 1, which property was at that time represented by the defendants as including the water front and land lying east of the Olympic highway and extending to the meander line of Hood Canal, consisting of eight to ten acres, on a portion of which the "Blue Ox" dance hall was then under construction; that the loan of four thousand two hundred dollars was made by the plaintiff to the defendants in reliance upon the representation, and that the tract of land was principally valuable for that portion which lay east of the Olympic highway and upon which the improvements were being constructed and that the balance

thereof (west of the highway) is and was of comparatively small value.

(6) That, on February 23, 1932, T. S. Bassen and wife and Cora M. Graham, the vendors in the executory contract, instituted an action in the superior court of Mason county against C. H. Shively and Edna R. Shively, his wife, the vendees therein named, which had as its object the forfeiture of any and all interest of the vendees in and to the property covered by said executory contract, for the reason, as alleged in the complaint in that cause, that the vendees had failed and neglected to make the payments required of them to be made thereunder; that, in that action, Edna R. Shively cross-complained, setting up in substance that she had succeeded to all of the rights and remedies of her husband, C. H. Shively, arising out of the executory contract, and that the plaintiffs in that suit had, prior to the execution of that contract, falsely represented to her that the real property described in that contract extended to the meander line of Hood Canal, and exhibited to her on the ground the meander line as the east line of the lot, and then and there stated to her that they, the plaintiffs, owned the water front adjoining lot 1 on the east, being the land lying east of the Olympic highway and extending to the meander line of Hood Canal, consisting of about eight to ten acres. That, as a matter of fact, the vendors at the time of the execution of the contract had no right to or interest in the water front property lying east of the highway, but that such land then belonged and now belongs to the state of Washington, being tidelands lying east of the ordinary high tide line, which constitutes the east boundary of lot 1.

The cross-complaint further averred that Edna R. Shively, by reason of relying on such misrepresentations, had expended the sum of thirteen thousand dol-

lars in the construction of a dance hall known as the "Blue Ox" and a smaller building known as the "Baby Ox," and other buildings upon the lands east of the highway, and the prayer of her cross-complaint was for a decree rescinding the executory contract and for damages in the sum of thirteen thousand dollars. The trial of that suit resulted in the entry of a decree as prayed for and awarding cross-complainant judgment against vendors in the sum of $12,233.27. Plaintiff was not a party to that action.

(7) In August, 1933, the plaintiff in the present action instituted a suit in the superior court of the state of Washington for Mason county against all the makers of the mortgage held by him to foreclose the mortgage, and on October 14, 1933, a decree was entered in that suit decreeing the lien of the mortgage to be a first and valid mortgage lien upon the real property described therein, and directing that the same be sold in the manner provided by law upon mortgage foreclosure sale. *That no sale has as yet taken place, and the decree does not provide for a deficiency judgment against Edna R. Shively, or any of the makers of the promissory note.*

(8) That, on September 12, 1932, Edna R. Shively filed with the defendant A. C. Martin, as commissioner of public lands, her application to purchase the second class tidelands in front of lot 1, the property sought to be purchased being that lying east of the Olympic highway and upon which the improvements hereinabove described were placed. In the application, she states that the improvements on the tidelands are claimed by her. Pursuant to the statute, the land and improvements were appraised by the defendant, commissioner of public lands, the improvements in the sum of nine thousand dollars and the land in the sum of five hundred seventy-five dollars, and the commissioner of

public lands fixed the date of sale on Edna R. Shively's application to purchase for December 5, 1933, and that Edna R. Shively intends on the date of the sale to purchase the real property and improvements thereon for the sum of five hundred seventy-five dollars, and the commissioner of public lands and board of state land commissioners intend to permit the sale of the land and improvements located thereon to Edna R. Shively for the sum just mentioned, for the reason that she is the owner of the improvements upon said alleged public lands; and that, in purchasing the same, she is not required to pay the value of the improvements. That, if Edna R. Shively is permitted to purchase the land and improvements thereon, she will dispose of or encumber the same, causing irreparable loss and damage to the plaintiff.

(9) Plaintiff *believes* (although the contrary was determined in the suit more particularly referred to in paragraph numbered 6 of this amended complaint, to which suit plaintiff was not a party) that the lands so sought to be sold to and purchased by Edna R. Shively are not public lands, but are and were at the time of the mortgaging thereof to the plaintiff private lands owned by T. S. Bassen and wife, Cora M. Graham and C. H. Shively and Edna R. Shively, his wife. That, if the plaintiff is incorrect in his assumption, and said lands lying east of the Olympic highway upon which the improvements are situated are not a part of the real property mortgaged to the plaintiff as represented by the mortgagors, then the lien of the plaintiff's mortgage as respects the parties to this suit should be transferred to, and adjudicated to be a charge upon, that portion of the real property lying east of the Olympic highway, together with the improvements thereon known as the "Blue Ox" dance hall and the "Baby Ox," and upon the proceeds of any sale of either the

real property or the improvements thereon; that the mortgagors and makers of the promissory note by which the same is secured are without funds or property; that irreparable damage will result to the plaintiff unless the relief prayed for is granted, and that he is without any plain, speedy or adequate remedy at law.

The prayer is for (a) a temporary restraining order enjoining the commissioner of public lands and board of state land commissioners, defendants, from proceeding with the sale on December 5; and (b) for the entry of a decree adjudging:

(1) That the real property mortgaged to plaintiff includes all of the real property lying to the east of the Olympic highway, and upon which the improvements known as the "Blue Ox" dance hall and "Baby Ox" structure are located; or

(2) In the event that it be adjudicated that the real property upon which the improvements are located is second class tide lands and public lands of the state of Washington, that the decree adjudge the plaintiff to have a first and valid lien thereon in the sum of four thousand two hundred ($4,200) dollars plus interest, and that the right of Edna R. Shively to purchase the second class tidelands without paying for the improvements thereon be subjected to plaintiff's lien in the sum aforesaid, and that plaintiff be subrogated to all of the rights of Edna R. Shively with respect to the purchase of the lands and improvements.

There are several reasons why the appellant, according to his pleading, is not entitled to any relief against any or all of the respondents.

His rights come from the loan by him of four thousand two hundred dollars, to secure the payment of which he took the mortgage on real property, a part of which property at least was owned by the mort-

gagors. He chose the remedy of foreclosure of the mortgage, and obtained a decree to his liking, providing only for foreclosure and sale; and the allegation in his amended complaint is "that said decree does not provide for a deficiency judgment against any of the makers of said promissory note."

The decree of foreclosure has not been executed, no sale has been made, and whether so or not is immaterial, because the decree does not provide for any deficiency judgment against any of the mortgagors.

The state is in no way indebted to the appellant, nor can the sale of the state's second class tidelands be denied because of anything alleged in the amended complaint.

The allegation in paragraph 9 of the amended complaint "that the plaintiff *believes* that the lands sought to be sold" by the state officers "are not public lands" is inconsistent with the whole theory and purpose of his case to the effect that such lands are and were public lands, and were misrepresented by the mortgagors, including Edna R. Shively, to be their lands at the time and for the purpose of procuring the loan of four thousand two hundred dollars.

Still further, the allegation that the plaintiff, appellant, *believes* that the lands sought to be sold by the officers of the state are not public land must and will be treated as immaterial and insufficient as a matter of pleading. The statute, Rem. Rev. Stat., § 258, provides that the complaint, among other things, shall contain "a plain and concise statement of facts, constituting the cause of action, without unnecessary repetition." One may well plead a fact upon information and belief, because thus the fact would be pled upon which an issue might be made, but the belief of the pleader in the existence of a fact gives no cause of

action, nor does the assertion of such a belief call for any answer or denial.

In *Warburton v. Ralph,* 9 Wash. 537, 550, 38 Pac. 140, this statute was analyzed, and, while the pleading in that case was held to be good because it positively stated facts, though upon information and belief, it was very correctly said, although by way of argument:

"And it is undoubtedly true that the facts should be stated positively, and in a traversable form, but this does not necessarily prohibit the statement of a fact on information and belief, for such an averment may, nevertheless, be direct and positive. To state that the plaintiff is informed or believes that a particular fact exists would be bad pleading, because it would simply be an allegation of information or belief, as to the fact, and not an averment of the existence of the fact itself."

The demurrers to the amended complaint were properly sustained. Judgment affirmed.

TOLMAN, MAIN, STEINERT, and MILLARD, JJ., concur.